IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

Case No. 4:20-cr-00067-M
Case No. 4:23-cv-00125-M

HOWARD JONES,

    Petitioner,

v.

UNITED STATES OF AMERICA,

    Respondent.

ORDER

This matter comes before the court on Petitioner's pro se motion to vacate his sentence under § 2255 [DE 126; DE 129] and the United States' motion to dismiss [DE 133].

On September 21, 2021, Petitioner pled guilty by written plea agreement to conspiracy to distribute and possess with intent to distribute heroin (count one); distribution and possession with intent to distribute heroin (counts five and six); and firearm possession by a convicted felon (count eight). DE 88. On February 17, 2022, this court imposed a 188-month consolidated sentence of imprisonment. DE 37. Petitioner subsequently appealed his sentence, which was later denied because his plea agreement contained a valid appeal and collateral attack waiver. *See* DE 121.

On July 19, 2023, Petitioner attempted to file a motion to vacate his sentence pursuant to 28 U.S.C. § 2255. DE 126. Pursuant to this court's order for compliance with the applicable rules governing § 2255 proceedings, Petitioner later superseded his earlier motion with the required form to state a compliant § 2255 petition. *See* DE 129. His petition asserts that his sentence must be set aside due to an alleged error in calculating his advisory guideline range. *See* DE 129 at 4. Petitioner did not supplement the required form with a supporting memorandum. On November 9,

2023, the United States moved to dismiss Petitioner's motion. DE 133. Petitioner timely responded. DE 136.[1] The United States' motion is ripe for disposition.

On a motion to dismiss under Fed. R. Civ. P. 12(b)(6), the court must determine whether the petitioner has stated a facially plausible claim to relief based on the petitioner's well-pleaded allegations and after drawing all reasonable inferences in his favor. *See Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *Giarratano v. Johnson*, 521 F.3d 298, 302 (4th Cir. 2008). The court may also consider public records, *Philips v. Pitt Cnty. Mem'l Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009); the files and records of the case, 28 U.S.C. § 2255(b); and its own familiarity with the case, *see United States v. Dyess*, 730 F.3d 354, 359–60 (4th Cir. 2013). While the court must "construe *pro se* complaints liberally," it may not adopt "the improper role of an advocate" and need only address "questions squarely presented." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

Jones seeks to challenge this court's calculation of his advisory guideline range, contending that he was erroneously designated a career offender at sentencing. *See* DE 129 at 4. However, it is well-settled that a habeas petitioner cannot use a § 2255 motion to attack his advisory guideline range retroactively. *See, e.g., United States v. Foote*, 784 F.3d 931, 935–36 (4th Cir. 2015); *United States v. Pregent*, 190 F.3d 297, 283–84 (4th Cir. 1999) ("Barring extraordinary circumstances . . . an error in the application of the Sentencing Guidelines cannot be raised in a § 2255 proceeding."). His § 2255 petition therefore fails to state a claim to relief.

---

[1] Petitioner later filed three supplemental responses, each styled as an amendment to his initial response. *See* DE 137–39. These supplemental responses were untimely, and Petitioner has not moved for a filing extension or presented any grounds upon which the court may find excusable neglect. *See* Fed. R. Civ. P. 6(b)(1)(B). However, the court has reviewed the contents of the supplemental responses and finds that, even in light of the arguments raised in his responses, the instant § 2255 petition fails to state a valid claim to relief. *See infra.*

2

Alternatively, Jones' petition must be dismissed because he waived his right to challenge his sentence under § 2255 as part of his plea agreement with the United States. "[A] criminal defendant may waive his right to attack his conviction and sentence collaterally, so long as the waiver is knowing and voluntary." *United States v. Lemaster*, 403 F.3d 216, 220 (4th Cir. 2005). Jones knowingly and voluntarily agreed to waive "all rights to contest the conviction or sentence" under § 2255, "excepting . . . [a] motion based upon grounds of ineffective assistance of counsel or prosecutorial misconduct not known to [Jones] at the time of [his] guilty plea." DE 88 at 1; DE 114 at 19–20 (admission under oath that he understood the waiver and signed the plea agreement); DE 121 (finding Jones knowingly and voluntarily waived his appeal rights under the instant waiver). Accordingly, Jones is bound by the collateral attack waiver in his plea agreement and cannot challenge his conviction based on an error in the calculation of his advisory guideline range.

For the foregoing reasons, the court GRANTS the United States' motion to dismiss [DE 133] and DISMISSES Petitioner's § 2255 motion [DE 126; DE 129]. The court DENIES a certificate of appealability *See* 28 U.S.C. § 2253(c); *Miller-El v. Cockrell*, 537 U.S. 322, 366–38 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

SO ORDERED this 8th day of July, 2024.

RICHARD E. MYERS II
CHIEF UNITED STATES DISTRICT JUDGE